**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JAMES MORGAN,

                              Plaintiff,

            v.                                                    No. 05-CV-01087
                                                                  (LEK/DRH)

GLENN GOORD, Commissioner of
Corrections; KENNETH McLAUGHLIN,
Director, Inspector General's Office;
ROBERT DENNISON, Chairman of Parole;
ANTHONY ANNUCCI, Deputy Commissioner
and Counsel; JOHN BURGE, Superintendent,
Auburn correctional Facility; and JUSTIN
THOMAS, Senior Corrections Counselor,
Auburn Correctional Facility

                              Defendants,

_____

**APPEARANCES:**                          **OF COUNSEL:**

JAMES MORGAN
84-B-1480
Auburn Correctional Facility
Post Office Box 618
Auburn, New York 13024

HON. ANDREW M. CUOMO                       MEGAN M. BROWN, ESQ.
Attorney General for the                   Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

                 **REPORT-RECOMMENDATION AND ORDER**[1]

_____

            [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se James Morgan ("Morgan"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendants, six DOCS employees, violated his constitutional

rights under the Fourteenth Amendment.  Docket No. 1.  Presently pending is defendants'

motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 24.  For the

following reasons, it is recommended that defendants' motion be granted.


## I.  Failure to Respond

Morgan did not oppose defendants' motion.  "Summary judgment should not be entered

by default against a pro se plaintiff who has not been given any notice that failure to

respond will be deemed a default."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  In

an order dated June 28, 2007, Morgan was warned that his failure to respond to

defendants' motion by July 31, 2007 would result in this Court treating the facts asserted by

defendants as true and that the motion might be granted absent a response from Morgan.

Docket No. 25.  Despite this notice, Morgan failed to respond.

"The fact that there has been no response to a summary judgment motion does not. . .

mean that the motion is to be granted automatically."  Champion, 76 F.3d at 436.  Even in

the absence of a response, defendants are entitled to summary judgment only if the

material facts demonstrate their entitlement to judgment as a matter of law.  Id.; Fed. R.

Civ. P. 56(c).  Because Morgan has not responded to raise any question of material fact,

the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 24,

attachment 3) are accepted as true.  Adirondack Cycle & Marine, Inc. v. American Honda

Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.)

2

(citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).


## II. Background

The facts are presented in the light most favorable to Morgan as the non-moving party.

See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

Morgan was incarcerated at Auburn Correctional Facility at all relevant times herein.

Docket No. 24, attachment 3, ¶ 1 (Defs. Statement of Material Facts).  Morgan was

sentenced to imprisonment on June 13, 1984 in Suffolk County after pleading guilty to

murder in the second degree.  Id. at ¶ 2.  Twenty years later, after being denied parole,

Morgan brought an Article 78 proceeding[2] in Albany County seeking to compel the

expungement of allegedly false information appearing in the pre-sentencing report ("PSI")

authored by the Suffolk County Probation Department.  Id. at ¶¶ 3-4.  Morgan complained

that the information contained in the PSI characterized the events leading up to the death of

Morgan's roommate as overly "sinister."  Docket No. 24, attachment 6 at 3.  The Article 78

action was dismissed on April 5, 2005.  Defs. Statement of Material Facts at ¶ 4.

Morgan commenced another unsuccessful Article 78 proceeding in Albany County

seeking to compel the expungement of the same information from his Program and Security

Assessment Summary ("PSAS"), a document prepared by DOCS based upon, and

incorporating information from, the PSI.  Id. ¶¶ 6.  On June 20, 2005, this petition was also

dismissed.  Id. at ¶ 7.  Neither dismissal was appealed.  Id. at ¶¶ 5, 8.  Morgan then

---

[2]N.Y. C.P.L.R. art. 78 (McKinney 1994 & Supp. 2007) establishes the procedure for judicial review of the actions and inactions of state and local government agencies and officials.

contacted defendant Thomas, Corrections Counselor, in an attempt to have the information deleted from the PSAS.  Id. at ¶ 9.  This request was also denied, prompting Morgan to complain formally to the DOCS Inspector General's Office.  Id. at ¶¶ 9, 12, 16.  On March 20, 2005, the Inspector General advised Morgan that DOCS "may not correct, alter or expunge any information that was provided by another governmental agency" and suggested that Morgan contact the Suffolk County Probation Department where he was arrested.  Id. at ¶ 17.  This action followed.


## III.  Discussion

In his complaint, Morgan alleges that his Fourteenth Amendment due process rights were violated by defendants' inclusion of false and misleading information in his PSAS. This information has allegedly adversely affected Morgan's parole release and placement possibilities within DOCS.  Defendants move for summary judgment claiming that (1) the statute of limitations has expired, (2) Morgan's claims are precluded by both res judicata and collateral estoppel, (3) Morgan states no claim upon which relief can be granted, (4) defendants have no personal involvement in alleged wrongdoing, (6) Morgan received all process to which he was due, and (6) defendants are entitled to qualified immunity.  For the following reasons, defendants' motion should be granted.[3]

---

[3]Defendants have set forth multiple reasons to grant summary judgment.  While most appear persuasive, this report only addresses the second and third grounds.  Since summary judgment may be granted on both grounds, there is no need to address the remaining four grounds.

## A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

5

## B.  Res Judicata/Collateral Estoppel

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90, 94 (1980) (applying res judicata to a 42 U.S.C. § 1983 action).  Thus, to sustain a claim of res judicata, the defense must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted).  In New York State, the analysis is governed by the transactional approach, meaning later claims are barred if they "aris[e] out of the same factual grouping as an earlier litigated claim even if the[y are] . . . based on different legal theories or seek[] dissimilar or additional relief."  Id.

Under the Full Faith and Credit Clause of the Constitution, federal courts must grant state court judgments the same preclusive effects as those given to other courts located within the state.  Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citing Migra v. Warren City Sch. Dist., 465 U.S. 75, 81 (1984)).  However, the bar of res judicata will not apply where the original forum is incapable of providing the relief requested by the plaintiff.  Id.; Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986).  The Second Circuit has held that a plaintiff in a § 1983 action who is seeking damages will not be vulnerable to dismissal based upon res judicata, although, a similar plaintiff seeking injunctive relief will.  Davidson, 792 F.2d at 277-78; Fay v. South Colonie Cent. Sch. Dist., 802 F.2d 21, 30 (2d Cir. 1986).

As a threshold matter, it must be determined whether res judicata is an applicable defense.  Morgan is seeking the injunctive remedy of having his PSAS modified.  Compl.

6

(Docket No. 1).  Because the state courts here were capable of providing Morgan with such injunctive relief, res judicata may bar his claim.  See Fay, 802 F.2d at 30.

Morgan has already litigated the alleged misinformation in his PSAS, which was derived from his PSI on at least two occasions which resulted in final judgments on the merits. Morgan has filed two Article 78 proceedings in state court.  The first related to the alleged misinformation in his PSI and the second concerned the same misinformation incorporated from his PSI into his PSAS, both of which were dismissed.  Morgan v. Goord, No. 7704-04 (Sup. Ct. Albany County Feb. 3, 2005) (Docket No. 24, attachment 7); Morgan v. Goord, No. 403-05 (Sup. Ct. Albany County June 20, 2005) (Docket No. 24, attachment 9). Secondly, each defendant in the present action was named in at least one of the prior two Article 78 cases.  Id.  Finally, the claims litigated in the Article 78 actions were identical to the disputed claim in the instant case.

Morgan claims that his PSAS included faulty information which was copied from his PSI. Compl. (Docket No. 1).  In the first Article 78 action, Morgan requested that DOCS change his PSI to correct misinformation therein.  Morgan v. Goord, No. 7704-04 (Sup. Ct. Albany County Feb. 3, 2005) (Docket No. 24, attachment 7).  In the second Article 78 action, Morgan requested that DOCS change his PSAS to correct false information contained in the header which was copied from his PSI.  Morgan v. Goord, No. 403-05 (Sup. Ct. Albany County June 20, 2005) (Docket No. 24, attachment 9).  It is of no effect that, on its face, the present action and the first Article 78 case appear to be requesting different remedies since different documents are at issue.  Moreover, the present action is identical to the second Article 78 action.  Furthermore, all of these complaints arise from the same transaction, the description of Morgan's crime, as stated in the first Article 78 proceeding.  Thus, res

7

judicata precludes Morgan's suit because he has already litigated these claims, against the same parties, resulting in final judgments.  Based on the foregoing, defendants motion for summary judgment should be granted.

In the alternative, defendants also raise the broader affirmative defense of collateral estoppel.  "Once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  Allen, 449 U.S. at 94 (1980).  Collateral estoppel is applicable:

> [I]f (1) there has been a final determination on the merits of the issue sought to be precluded; (2) the party against whom . . . preclusion is sought has a full and fair opportunity to contest the decision. . .; and (3) the issue sought to be precluded by the earlier suit is the same issue involved in the later action.

Davis v. Halpern, 813 F.2d 37, 39 (2d Cir. 1987) (citation omitted).  The requirement of a full and fair opportunity to contest requires that the plaintiff "was fully able to raise the same factual or legal issues" in the prior litigation as asserted in the present case.  LaFleur v. Whitman, 300 F.3d 256, 274 (2d Cir. 2002).

Based on the aforementioned, it is clear that there was a final determination on the merits and the issues in contention between the parties in the prior Article 78 cases and the case at hand are identical.  Based on the foregoing, defendants motion for summary judgment should be granted on this ground as well.

### C. Failure to State a Claim Upon Which Relief May Be Granted

An action commenced pursuant to 42 U.S.C. § 1983 requires the "deprivation of any

right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government.  42 U.S.C. § 1983.  Thus, no action lies under § 1983 unless plaintiff has asserted the violation of a federal right.  See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 19 (1981).  It is undisputed that a plaintiff has a due process interest in sentencing procedures.  See United States v. Malcolm, 432 F.2d 809, 815 (2d Cir. 1970).  However, although at least one other circuit has held that an inmate enjoys a constitutional right to have incorrect information expunged from a PSI, see Paine v. Baker, 595 F.2d 197 (4th cir. 1979), the Second Circuit has never so held.  Furthermore, even if such a constitutional right were recognized in this circuit, that right still would not extend to information obtained from third parties that is not demonstrably inaccurate.  Essentially, no constitutional deprivation occurs when a prison official relies on the contents of a PSI which has not been found inaccurate.

    In this case, Morgan is attempting to have information expunged from his PSAS, a document generated by DOCS.  Defs. Statement of Facts at ¶ 10.  However, the information of which Morgan complains was obtained from a report completed by the Suffolk County Probation Department prior to sentencing.  Id. at ¶ 12.  Defendants have no authority to change the contents of the PSI on their own because it constitutes reliable information provided to them by a third party.  Id. at ¶¶ 12, 14-15, 17.  Defendants are entitled to rely on the reports provided to them by a probation office and Morgan has not been constitutionally injured.  Additionally, in Morgan's second Article 78 proceeding, the court found "the refusal to expunge the information [wa]s neither arbitrary and capricious nor an abuse of discretion."  Morgan v. Goord, No. 403-05 (Sup. Ct. Albany County June 20, 2005) (Docket No. 24, attachment 9).  Thus there is no indication that the PSI was

9

inaccurate and, in actuality, the PSI has been verified and endorsed by the state court.


## IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for summary judgment (Docket No. 240 be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  October 24, 2007
        Albany, New York

_David R. Homer_
United States Magistrate Judge